UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **KELLY THOMAS**, *individually, and on behalf of all others similarly situated,* | ) ) ) ) | |
| *Plaintiff,* | ) ) | Case No.:4:21-cv-03729 |
| v. | ) ) | |
| **LENDING TREE, LLC,** | ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) | |

## CLASS ACTION COMPLAINT

**COMES NOW Plaintiff, Kelly Thomas, individually, and on behalf of all others similarly situated,** ("Plaintiff" or "Ms. Thomas"), through her counsel, and for her Class Action Complaint against Defendant **Lending Tree, LLC** ("Defendant" or "Lending Tree"), states:

### Introduction

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

2. In 1991, President George H.W. Bush signed into law the TCPA, which was passed in a bi-partisan manner, to protect consumers' privacy rights. Specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described unwanted telemarketing calls the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA, through the accompanying Code of Federal Regulations, 47 C.F.R. § 64.1200 *et seq.,* affords special protections for people who registered their phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives

more than one call within a 12-month period on their cell phone after being registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

## The Parties

5. Plaintiff Kelly Thomas is an adult citizen who all times relevant to this Complaint resided in in Katy, Texas 77494.

6. Defendant Lending Tree is a North Carolina corporation, which maintains its headquarters at 1415 Vantage Park Drive, Suite 700, Charlotte, North Carolina 28203.

7. Lending Tree is an online market place that sells *inter alia*, financial services and insurance policies to consumers.

8. Lending Tree transacts business in Texas and throughout the United States.

## Jurisdiction and Venue

9. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

10. Defendant continuously and systematically transacts business in the State of Texas.

11. Defendant sent text messages to Plaintiff on her cell phone with an "832" area code, which is associated with Texas.

12. Defendant's text messages attempted to solicit business from Plaintiff, a Texas resident with Texas bank accounts.

13. Plaintiff received the unsolicited text messages while residing in the State of Texas.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**Statement of Relevant Facts**

15. At all times relevant to this Complaint, Ms. Thomas owned a cell phone, the number for which was 832-XXX-4244.

16. Ms. Thomas used that cell phone primarily for residential purposes.

17. Ms. Thomas registered her cell phone number on the National Do Not Call Registry on or about July 14, 2008.

18. Ms. Thomas registered her cell phone number on the National Do Not Call Registry to obtain solitude from unwanted and invasive telemarketing calls.

19. Defendant Lending Tree is a national online marketplace that sells *inter alia,* financial services and insurance policies to consumers.

20. Lending Tree markets its products and services, in part, through placing telephone calls and transmitting text messages to prospective customers' cellular phones.

21. Ms. Thomas did not provide consent to Lending Tree to place telemarketing calls/texts to her cell phone and did not provide her cell phone number to Lending Tree.

22. Ms. Thomas had no prior business relationship with Lending Tree.

23. Ms. Thomas never inquired of Lending Tree about any products or services.

24. Ms. Thomas has used State Farm for auto insurance for her entire adult life and did not inquire about auto insurance in any forum.

25. Despite the foregoing, Lending Tree sent irritating and disruptive text messages to Ms. Thomas's cell phone on multiple occasions.

26. Those text messages included solicitations to for Ms. Thomas to purchase automobile insurance through Lending Tree describing purported new programs implemented by President Joe Biden to lower monthly auto insurance payments. (*See* Ex. A, text messages sent by

Defendant received by Plaintiff.)[1]

    27.    Specifically, she received solicitation texts from Lending Tree on:

        a.  April 15, 2021 at 12:40 pm CST;

        b.  April 15, 2021 at 11:44 pm CST;

        c.  April 17, 2021 at 1:15 pm CST;

        d.  April 17, 2021 at 9:06 pm CST; and,

        e.  April 19, 2021 at 6:13 pm CST.

    28.    Ms. Thomas believes she received additional messages from Defendant in addition to those identified above.

    29.    In an effort to ascertain the identity of the party responsible for the text messages, Ms. Thomas clicked the link contained in one of the text messages and was guided to a page for car insurance rates.

    30.    Ms. Thomas then went to the "Privacy Policy" page where she found the following statement: "You are visiting a website owned and operated by LendingTree, LLC." (*See* Ex. B, printout from Defendant's Website to which Plaintiff was directed by the aforementioned texts.) Plaintiff was annoyed, irritated, upset and experienced a sense that her privacy was violated by Defendant as a result of receiving multiple unwanted and unsolicited text messages after she had long been registered on the National Do Not Call Registry.

---

[1] The screenshots of text messages received and the following list of text messages is non-exhaustive and is not meant to cover all communications from Defendant.

## Class Allegations

31.     Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Ms. Thomas brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

32.     Ms. Thomas seeks to represent the following class:

> **Do-Not-Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one text message from Lending Tree or someone acting on its behalf during a 12-month period; and, (2) were registered on the Do Not Call Registry for more than 31 days at the time the texts were received.

33.     Ms. Thomas reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

34.     The members of the proposed classes are so numerous that joinder of all members is impracticable. Ms. Thomas reasonably believes that hundreds or thousands of people have been harmed by Lending Tree's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to Lending Tree or those acting on its behalf.

35.     Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

36.     On information and belief, Lending Tree has called and continues to call/text people who are registered on the National Do Not Call Registry. It is reasonable to expect that Lending Tree will continue to make such calls/texts absent this lawsuit.

37.     Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

      a.      Whether Lending Tree or someone acting on its behalf sent text messages to Ms. Thomas and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

      b.      Whether Lending Tree's conduct violates 47 U.S.C. § 227(c);

      c.      Whether Lending Tree's conduct violates the rules and regulations implementing the TCPA; and,

      d.      Whether Ms. Thomas and the putative class members are entitled to increased damages for each violation based on the willfulness of Lending Tree's conduct.

38.     Mr. Thomas's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

39.     Ms. Thomas and her counsel will fairly and adequately protect the interests of the members of the proposed class. Thomas's interests do not conflict with the interests of the proposed class she seeks to represent. Thomas has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

40.     Ms. Thomas's counsel will vigorously litigate this case as a class action, and Thomas and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

41.     A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will

allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

42.     In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

43.     Questions of law and fact, particularly the propriety of calling/texting phone numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

44.     Lending Tree has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)

45.     Thomas incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

46.     Ms. Thomas brings this Count individually and on behalf of all others similarly situated.

47.     The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one text message on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

48.     The penalty for each text message sent in violation of the TCPA's restrictions on sending text messages to cell phone numbers registered on the National Do Not Call Registry is

$500 per violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

49. In addition, the TCPA allows the Court to enjoin Lending Tree's violations of the TCPA's regulations prohibiting text messages to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

50. By sending text messages to the cell phones of Ms. Thomas and the putative class members after their numbers were registered on the National Do Not Call Registry, Lending Tree violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

51. Lending Tree knew or should have known that Ms. Thomas and the putative class members had their numbers registered on the Do Not Call Registry.

52. Thomas and the putative class members are entitled to damages of $500.00 per violation for each text message sent by Lending Tree and up to $1,500.00 per violation if the Court finds that Lending Tree willfully violated the TCPA.

## **PRAYER FOR JUDGMENT**

WHEREFORE Plaintiff Kelly Thomas, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Lending Tree, LLC pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Thomas as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C. as class counsel;

c. Enter judgment in favor of Ms. Thomas and the putative class for all damages available under the TCPA, including statutory damages of

       $500 per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if Lending Tree, LLC willfully violated the TCPA;

d. Enter a judgment in favor of Ms. Thomas and the putative class that enjoins Lending Tree from violating the TCPA's regulations prohibiting Lending from calling/texting numbers registered on the National Do Not Call Registry;

e. Award Ms. Thomas and the class all expenses of this action, and requiring Lending Tree to pay the costs and expenses of class notice and administration; and,

f. Award Ms. Thomas and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Kelly Thomas demands a jury0020 trial in this case.

Respectfully submitted,

Dated: November 12, 2021       By: /s/ *Jacob U. Ginsburg*
                                     Jacob U. Ginsburg, Esq.
                                     SDTX ID No. 3568914
                                     Kimmel & Silverman, P.C.
                                     30 East Butler Pike
                                     Ambler, PA 19002
                                     (215) 540-8888 ext. 104
                                     Facsimile: (877) 788-2864
                                     Email:jginsburg@creditlaw.com
                                     teamkimmel@creditlaw.com

                                     */s/ Christopher E. Roberts*
                                     Christopher E. Roberts
                                     SDTX # 3708019
                                     Butsch Roberts & Associates LLC
                                     231 S. Bemiston Ave., Suite 260
                                     Clayton (St. Louis), MO 63105
                                     Telephone: (314) 863-5700
                                     Facsimile: (314) 863-5711
                                     email: croberts@butschroberts.com