**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| **KELLY THOMAS,** *individually, and on behalf of all others similarly situated*, | ) ) ) |
| *Plaintiff*, | ) Case No.: 4:21-cv-03729 ) Judge Alfred H. Bennett |
| v. | ) ) |
| **LENDING TREE, LLC,** | ) ) ) |
| *Defendant*. | ) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

AND NOW, pursuant to this Court's Standing Order and Fed. R. Civ. P. 26(f) Plaintiff

Kelly Thomas, on behalf of herself and others similarly situated, by and through her counsel, and

Defendant Lending Tree, LLC hereby submit their Joint Discovery/Case Management Plan.  A

Joint Proposed Scheduling Order will be filed concurrently with this submission:

**1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The Parties held their meet and confer on **January  31, 2022** by Zoom conference.  Present at the conference were:

Jacob U. Ginsburg, Esq.
Kimmel & Silverman, PC
SDTX Bar No. 3568914
30 East Butler Ave.
Ambler, PA 19002-4514
Direct Dial: (267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Christopher E. Roberts
BUTSCH ROBERTS & ASSOCIATES LLC
SDTX # 3708019
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711

CRoberts@butschroberts.com
*Attorneys for Plaintiff*


Christine M. Kingston, Esq.
Nelson Mullins Riley & Scarborough LLP
1 Financial Center
Ste. 3500
Boston, MA 02111
617-217-4700
Email: christine.kingston@nelsonmullins.com

Kevin P Polansky, Esq.
Nelson Mullins Riley & Scarborough LLP
1 Financial Ct.
Ste. 3500
Boston, MA 02111
617-217-4700
Email: kevin.polansky@nelsonmullins.com
*Attorneys for Defendant*

**2.  List the cases related to this one that are pending in any state or federal court with the case number and court.**

None

**3.  Briefly describe what this case is about.**

**Plaintiff**

Plaintiff and putative class-representative Kelly Thomas registered her cell phone number on the National Do Not Call Registry on or about July 14, 2008.  Ms. Thomas registered her number on the Do Not Call Registry to obtain solitude from unwanted telemarketing calls and texts.

Ms. Thomas had no prior business relationship with Lending Tree.  Ms. Thomas never inquired of Lending Tree about any products or services.  Ms. Thomas has used State Farm for auto insurance for her entire adult life and did not inquire about auto insurance in any forum.

Despite the foregoing, Lending Tree sent to Thomas at least five (5) text messages in April of 2021, screenshots of which are attached as Exhibit A to her Complaint.  The text messages contained representations such as that included in the April 19, 2021 text messages: "Pres Joe Biden passed a (sic) all-new program to lower auto payment by 45 percent" and then contained a link to sites operated by "EZ Autorates."  The "EZ Autorates" website contains a copyright which reads "You are visiting a website owned and operated by LedingTree, LLC".

Plaintiff seeks to represent classes of persons whose phone numbers were registered on the Do Not

Call registry for at least 31 days and who received telemarketing text messages and/or calls from Lending Tree without express written consent.

Defendant's characterization of the Complaint is inaccurate in that paragraphs 27-30 describe six text messages which link to the E-Z Autorates page that is attached as Exhibit "B" to the Complaint. Plaintiff does not allege that only one of the texts links to this page.

During the Rule 26(f) meet and confer, defense counsel articulated for the first time that an independently owned company improperly and impermissibly used Lending Tree's name and likeness on its webpage. While that is not something that can reasonably form the basis of a 12(b) motion, Plaintiff and her counsel will certainly do its due diligence and investigate that newly raised contention by Lending Tree.

## Defendant

LendingTree never contacted Thomas by text message as alleged or ever, whether in April 2021 or at any other time, directly or indirectly. LendingTree had no involvement in the conduct alleged in the Complaint. LendingTree does not own/operate www.ezautorates.com, the website where Thomas alleges she saw its name. In any event, Thomas alleges that only one of the text messages that she received led to the www.ezautorates.com website. In sum, LendingTree has been wrongly named in this suit, and for that reason the Court lacks jurisdiction and the Complaint is meritless.

LendingTree has informed Plaintiff's counsel of these facts both in its Initial Disclosures served on January 27, 2022 and during the Rule 26(f) conference held on January 31, 2022. To the extent Plaintiff's counsel nevertheless does not agree to dismiss LendingTree from this suit as LendingTree submits it must, LendingTree (if necessary) will produce a sworn affidavit attesting to these facts with its Motion to Dismiss challenging, among other things, jurisdiction.

4. **Specify the allegation of federal jurisdiction.**

Plaintiff:

Lending Tree is contending that a separate company improperly used its name and likeness on the webpage that linked to the texts received by Thomas. Ms. Thomas is investigating that contention and her counsel will keep lines of communication open with counsel for Lending Tree while that investigation takes place. This factual assertion by Defendant, however, is not one that could reasonably be adjudicated at the pleading stage.

The complaint is filed under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") which creates a federal question.

Defendant:

LendingTree contests subject matter jurisdiction based on Thomas's lack of Article III standing to sue LendingTree, where LendingTree never contacted Thomas as alleged, directly or

indirectly. LendingTree will produce sworn evidence on these facts if necessary to obtain its proper dismissal from this suit.

**5.   Name the parties who disagree and the reasons.**

LendingTree contests both subject matter jurisdiction (lack of Article III standing) and personal jurisdiction because LendingTree never contacted Thomas as alleged and otherwise has no suit-related ties to this jurisdiction.

**6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties do not identify any additional parties at this time, but reserve the right to add and/or join parties as warranted in the course of litigation.  LendingTree notes that it did not send the alleged text messages at issue and has been wrongly sued based on the alleged conduct of another entity.

Plaintiff is investigating the new information and assertions from Lending Tree and may add or substitute defendants if appropriate.

**7.   List anticipated interventions.**

The Parties do not anticipate any intervenors at this time.

**8.   Describe class-action issues.**

This case was filed as a putative class action.

LendingTree submits that this action cannot be sustained as a class action because LendingTree never contacted Thomas as alleged (and therefore there is no class or putative class members) and because it otherwise does not satisfy Fed. R. Civ. P. 23 and related requirements.  LendingTree reserves the right to move to strike the class allegations.

Thomas responds that the violative text messages linked to a site ostensibly owned and operated by Lending Tree.  The questions in this case are class questions and Plaintiff is asserting class claims.  Plaintiff is investigating Lending Tree's assertion that another company was impermissibly using its name and likeness and reserves the right to add or substitute defendants if appropriate.

**9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have exchanged their Rule 26(a) Disclosures.

4

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

If Thomas's Complaint survives LendingTree's initial Motion to Dismiss under Fed. R. Civ. P. 12(1), (2), and (6) (the deadline to file is March 4, 2022), the parties will conduct discovery on Plaintiff's claims and Defendant's defenses. LendingTree will seek an order staying discovery pending a ruling on the motion if necessary.

If the case survives LendingTree's Motion to Dismiss in full or part, LendingTree will also seek an agreement and/or order for non-class, circumscribed discovery on Plaintiff's claim only, as LendingTree did not contact Thomas or the alleged class members and has no records or information concerning the alleged conduct in the Complaint.

Plaintiff rejects the notion that Defendant's defenses are appropriately adjudicated on a 12(b) motion as they require credibility determinations and rely on factual assertions outside the four corners of the Complaint. Notwithstanding the propriety (or lack thereof) in Defendant's anticipated motion, Plaintiff is agreeable to temporarily abstain from issuing formal discovery while it investigates Lending Tree's position that another company was improperly using its name and likeness.

**B. When and to whom the plaintiff anticipates it may send interrogatories:**

Plaintiff will first investigate Lending Tree's contention that another company was impermissibly using its name and likeness, and that it had no responsibility for the offending text messages or the website to which  the text messages directed Ms. Thomas.

While it is difficult to plan ahead with little information, Plaintiff anticipates issuing interrogatories in the first 60 days of discovery.

**C. When and to whom the defendant anticipates it may send interrogatories.**

LendingTree does not plan to conduct written discovery until after the Court rules on its initial Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), (2), and (6) because it has been wrongly named in this suit. If needed, LendingTree will serve interrogatories on Plaintiff at that time and before the discovery deadline.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the 30(b)(6) deposition of Defendant's corporate representative(s) during the course of discovery. Plaintiff also anticipates taking the deposition of fact witnesses for Defendant and third-parties whose identities will become known in the course of discovery.

Plaintiff also may take the depositions of representatives for Express Revenue, Inc. and Quote Wizard- parties that appear to have relevant information to Plaintiff's claims and Defendant's defenses.

**E. Of whom and by when the defendant anticipates taking oral depositions**

LendingTree does not plan to conduct depositions until after the Court rules on its initial Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), (2), and (6).  If needed, LendingTree will depose Plaintiff at that time.  LendingTree may also take depositions of (or serve document subpoenas on) other persons and entities, including the owner/operator of https://www.robocalls.cash/, whose services Plaintiff may have used in connection with this lawsuit, and/or with whom Plaintiff's counsel may have a business relationship. LendingTree may also depose Express Revenue, Inc., which owned/operated the website where Thomas claims the alleged text message (not sent by LendingTree) directed her.

Plaintiff responds that Defendant's insinuation about Plaintiff's counsel is false and wholly inappropriate for a 26(f) Report. Plaintiff's counsel has made clear there is no "business relationship" between them and this website. Moreover, such issues have no bearing on whether Defendant's text messages violate the TCPA.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

August 5, 2022 – Plaintiff; September 5, 2022 – Defendant's responsive experts if needed.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff will depose any expert identified by Defendant by August 26, 2022

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

If needed, LendingTree will depose any expert identified by Plaintiff within the expert discovery deadlines.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Subject to the Court's ruling on LendingTree's expected Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), (2), and (6) and a stay of discovery during the time such Motion is pending (if such stay is granted by the Court), the Parties agree fact discovery should be completed by **December 2, 2022.**

Expert discovery should be complete by **January 9, 2023.**

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have informally exchanged basic information regarding some of the text messages allegedly received by Thomas.

**13. State the date the planned discovery can reasonably be completed.**

Subject to the Court's ruling on LendingTree's expected Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), (2), and (6) and a stay of discovery during the time such Motion is pending (if such stay is granted by the Court), the Parties expect fact discovery to be completed by **December 2, 2022,** and **e**xpert discovery to be completed by **January 9, 2023.**

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff does not anticipate a prompt settlement at this juncture but will cooperate and work in good-faith and continue to explore the possibility of settlement.

LendingTree has inquired about a prompt settlement with Plaintiff in light of the fact that LendingTree did not contact Thomas as alleged, but Plaintiff to date has not yet presented an individual settlement demand.  LendingTree remains open to discussing early settlement in lieu of filing its anticipated Motion to Dismiss.

Plaintiff responds that she filed this case as a class-action.  Plaintiff is investigating the newly raised assertions from Lending Tree.  Lending Tree has presented nothing to suggest this case should be treated as an individual action, rather than a class. If another company was using its name and likeness while transmitting solicitation texts without consent, that does not make an individual settlement between Thomas and Lending Tree the prudent approach.

**15. Describe what each party has done or agreed to do to bring about a prompt**

**resolution.**

Plaintiff has advised that she would like to discuss a class-settlement.

LendingTree has made numerous inquiries about a prompt settlement with Plaintiff in light of the fact that LendingTree did not contact Thomas as alleged, but Plaintiff to date has not yet presented an individual settlement demand.  LendingTree remains open to discussing early settlement in lieu of filing its anticipated Motion to Dismiss. LendingTree will not entertain class-wide settlement discussions at this time because it did not contact Thomas as alleged in the Complaint or ever.

Plaintiff responds that this case appears to either be a class-action against Lending Tree (as initially filed) or a class-action against a company or companies using Lending Tree's name and likeness (based on the newly raised contentions by Lending Tree). Plaintiff will continue to work in good-faith with Lending Tree's counsel and is open to learning why an individual settlement between Ms. Thomas and Lending Tree makes sense.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff proposes mediation sometime in March or April of 2022 if the case is not settled at that point.

LendingTree does not consent to alternative dispute resolution at this time, as Plaintiff to date has not agreed to discuss an individual settlement prospect, and because LendingTree never contacted Thomas as alleged in the Complaint or ever.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties DO NOT consent to trial by magistrate.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates the case will take two to four days to present.

As LendingTree has been wrongly sued in this action, and did not contact Thomas as alleged or have any involvement in the alleged text messages at issue, LendingTree submits that it should be dismissed forthwith from this action. Should the case go to trial against the proper defendant, and solely for the purposes of this Joint Report, LendingTree submits that trial would last 2-3 days.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

LendingTree will be filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2) and/or (6) before the March 4, 2022 deadline to do so. If that Motion is not granted in full, LendingTree expects to file a summary judgment motion on the same/related grounds, as it never contacted Thomas as alleged.

**21. List other motions pending.**

None currently.  LendingTree will be filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2) and/or (6) before the March 4, 2022 deadline to do so.  LendingTree may also seek an order staying discovery until after that Motion is resolved by the Court.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff: During the 26f Conference, Lending Tree expressed to Plaintiff's counsel that a company Express Revenue, Inc. improperly used Lending Tree's name and likeness on its website to which Plaintiff was directed from the offending text messages at issue.  Plaintiff has not had ample time to fully investigate this assertion as of the time of this submission.

LendingTree: This case is peculiar insofar as Thomas has named the wrong defendant. LendingTree never contacted Thomas as alleged, or ever.  Thomas's basis for suit is that LendingTree's name was referenced on the website where one of the alleged text messages directed Thomas, www.ezautorates.com, but LendingTree does not own/operate that site and did not authorize its name to be used where Thomas alleged to have seen it.  LendingTree submits that Plaintiff should dismiss LendingTree from this suit forthwith.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Both Parties certify that they filed their Disclosure of Interested Parties as follows:

Plaintiff: ECF No. 2 (filed Nov. 12, 2021)
Defendant: ECF No. 9 (Jan. 4, 2022)

**24. List the names, bar numbers, addresses and telephone numbers of all counsel. Counsel for Plaintiff(s) Date Counsel for Defendant(s) Date**

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, PC
SDTX Bar No. 3568914
30 East Butler Ave.
Ambler, PA 19002-4514
Direct Dial: (267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*/s/ Christopher E. Roberts*
Christopher E. Roberts
BUTSCH ROBERTS & ASSOCIATES LLC
SDTX # 3708019
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
CRoberts@butschroberts.com
*Attorneys for Plaintiff*

*/s/ Christine M. Kingston*
Kathryn Skagerberg
Texas Bar No. 24058578
Federal ID No. 1121430
Nelson Mullins Riley & Scarborough LLP
150 Fourth Avenue, North, Ste 1100
Nashville, TN 37219
615.664.5300
kate.skagerberg@nelsonmullins.com

Kevin Polansky (admitted *pro hac vice*)
Christine Kingston (admitted *pro hac vice*)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Ste. 3500
Boston, MA 02111
617.217.4700
kevin.polansky@nelsonmullins.com
christine.kingston@nelsonmullins.com
COUNSEL FOR DEFENDANT

DATED:  February 1, 2022