UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **KELLY THOMAS**, *individually, and* on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **EXPRESS REVENUE, INC.,** <br> **JK MARKETING, INC.** <br> **JOHN DOES 1-10,** <br> *Defendants.* | Case No.:4:21-cv-03729 <br><br><br> **Jury Trial Demanded** |

## AMENDED COMPLAINT

**COMES NOW Plaintiff, Kelly Thomas, individually, and on behalf of all others similarly situated,** ("Plaintiff" or "Ms. Thomas"), through her counsel, and for her Class Action Complaint against Defendant**s Express Revenue, Inc., ("Express Revenue") JK Marketing, Inc. ("JKMI") and John Does 1-10** (collectively "Defendants").

### Introduction

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

2.  In 1991, President George H.W. Bush signed into law the TCPA, which was passed in a bi-partisan manner, to protect consumers' privacy rights. Specifically, the right to be left alone from unwanted telemarketing calls.

3.  A leading sponsor of the TCPA described unwanted telemarketing calls the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4.  The TCPA, through the accompanying Code of Federal Regulations, 47 C.F.R. § 64.1200 *et seq.*, affords special protections for people who registered their phone numbers on the

National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call within a 12-month period on their cell phone after being registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

## The Parties

5. Plaintiff Kelly Thomas is an adult citizen who all times relevant to this Amended Complaint resided in in Katy, Texas 77494.

6. Defendant Express Revenue is a Florida corporation, which maintains its headquarters at 5757 S.W. 89th Lane, Cooper City, Florida 33328.

7. Express Revenue is a marketing company that operates various websites as serves as a conduit for various advertises to reach target audiences.

8. Defendant JK Marketing is a Delaware LLC, which maintains an office at 651 N. Broad St., Suite 206, Middletown, Delaware 19709.

9. Upon information and belief, JK Marketing is an advertising "affiliate" with Express Revenue.

10. John Does 1-10 are persons of identities still unknown, responsible for transmitting deceptive text messages soliciting car insurance sales to Kelly Thomas and other putative class members.

## Relevant Procedural History

11. From April 15-19, 2021, Plaintiff Kelly Thomas received at least five deceptive and unsolicited text messages claiming that President Joe Biden had signed/approved a new car insurance policy, with links to websites within each text. *See* Ex. A.

12. In order to ascertain the party responsible for the irritating and deceptive text messages, Ms. Thomas clicked the links in the text messages, and was taken to a website which read "you are visiting a website owned and operated by Lending Tree, LLC. *See* Doc. No. 1-2.

13. This lawsuit was initially filed against Lending Tree, LLC as a result of the foregoing.

14. Plaintiff has since been presented with credible evidence that Lending Tree was not actually the party responsible for the text messages and the landing page visited by Ms. Thomas was actually owned by Defendant Express Revenue, LLC, which was improperly using Lending Tree's name and likeness.

15. Two or more of the text messages were sent by JK Marketing.

## **Jurisdiction and Venue**

16. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

17. Defendants continuously and systematically transact business in the State of Texas.

18. Defendants sent text messages to Plaintiff on her cell phone with an "832" area code, which is associated with Texas.

19. Defendant's text messages attempted to solicit business from Plaintiff, a Texas resident with Texas bank accounts.

20. Plaintiff received the unsolicited text messages while residing in the State of Texas.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**Statement of Relevant Facts**

22. At all times relevant to this Complaint, Ms. Thomas owned a cell phone, the number for which was 832-XXX-4244.

23. Ms. Thomas used that cell phone primarily for residential purposes.

24. Ms. Thomas registered her cell phone number on the National Do Not Call Registry on or about July 14, 2008.

25. Ms. Thomas registered her cell phone number on the National Do Not Call Registry to obtain solitude from unwanted and invasive telemarketing calls and text messages.

26. Defendants are advertisers who sought to solicit car insurance to Kelly Thomas.

27. Defendants worked in concert as a common enterprise

28. Ms. Thomas did not provide consent to Express Revenue, JK Marketing or any other party to place telemarketing calls/texts to her cell phone for the purpose of selling car insurance.

29. Ms. Thomas had no prior business relationship with Defendants.

30. Ms. Thomas never inquired of either Defendant about any products or services.

31. Ms. Thomas has used State Farm for auto insurance for her entire adult life and did not inquire about auto insurance in any forum.

32. Despite the foregoing, Defendants sent irritating and deceptive text messages to Ms. Thomas's cell phone on multiple occasions.

33. Those text messages included solicitations to for Ms. Thomas to purchase automobile insurance describing purported new "programs" implemented by President Joe Biden to lower monthly auto insurance payments. (*See* Ex. A, text messages sent by Defendants received by Plaintiff.)

34. Specifically, she received solicitation texts from Defendants on:

    a. April 15, 2021 at 12:40 pm CST;

    b. April 15, 2021 at 11:44 pm CST;

    c. April 17, 2021 at 1:15 pm CST;

    d. April 17, 2021 at 9:06 pm CST; and,

    e. April 19, 2021 at 6:13 pm CST.

35. The text message sent April 15, 2021 was sent by JK Marketing on behalf of Express Revenue.

36. Given the temporal proximity and the highly similar style of texts and references to dubious "car insurance plans" supposedly implemented by President Joe Biden that were all sent in mid-April 2021, Plaintiff believes and therefore avers that Defendants or a company working closely with Defendants were responsible for transmitting the subsequent text messages.

37. John Does 1-10 are persons of unknown identities responsible for transmitting deceptive unsolicited text messages to Kelly Thomas and similarly persons with numbers registered on the Do Not Call registry soliciting auto insurance plans.

38. Plaintiff was annoyed, irritated, upset and experienced a sense that her privacy was violated by Defendant as a result of receiving multiple unwanted and unsolicited text messages after she had long been registered on the National Do Not Call Registry.

## Class Allegations

39. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Ms. Thomas brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

40. Ms. Thomas seeks to represent the following class:

> **Do-Not-Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one text message from Defendants (collectively or individually) someone acting on their behalf during a 12-month period; and, (2) were registered on the Do Not Call Registry for more than 31 days at the time the texts were received.

41. Ms. Thomas reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

42. The members of the proposed classes are so numerous that joinder of all members is impracticable. Ms. Thomas reasonably believes that hundreds or thousands of people have been harmed by Defendants' actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to Defendants or those acting on their behalf.

43. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

44. On information and belief, Defendants have and continue to call/text people who are registered on the National Do Not Call Registry. It is reasonable to expect that Defendants will continue to make such calls/texts absent this lawsuit.

45. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

    a. Whether Defendants or someone acting on their behalf sent text messages to Ms. Thomas and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

    b. Whether Defendants' conduct violates 47 U.S.C. § 227(c);

    c. Whether Defendants' conduct violates the rules and regulations implementing the TCPA; and,

    d. Whether Ms. Thomas and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendants' conduct.

46. Mr. Thomas's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

47. Ms. Thomas and her counsel will fairly and adequately protect the interests of the members of the proposed class. Thomas's interests do not conflict with the interests of the proposed class she seeks to represent. Thomas has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

48. Ms. Thomas's counsel will vigorously litigate this case as a class action, and Thomas and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

49. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and

prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

50. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

51. Questions of law and fact, particularly the propriety of calling/texting phone numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

52. Defendants acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)

53. Thomas incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

54. Ms. Thomas brings this Count individually and on behalf of all others similarly situated.

55. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one text message on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§

227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

56. The penalty for each text message sent in violation of the TCPA's restrictions on sending text messages to cell phone numbers registered on the National Do Not Call Registry is $500 per violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

57. In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA's regulations prohibiting text messages to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

58. By sending text messages to the cell phones of Ms. Thomas and the putative class members after their numbers were registered on the National Do Not Call Registry, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

59. Defendants knew or should have known that Ms. Thomas and the putative class members had their numbers registered on the Do Not Call Registry.

60. Thomas and the putative class members are entitled to damages of $500.00 per violation for each text message sent by Defendants and up to $1,500.00 per violation if the Court finds that Defendants willfully violated the TCPA.

**PRAYER FOR JUDGMENT**

WHEREFORE Plaintiff Kelly Thomas, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendants pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Thomas as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC as class counsel;

c. Enter judgment in favor of Ms. Thomas and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if Defendants willfully violated the TCPA;

d. Enter a judgment in favor of Ms. Thomas and the putative class that enjoins Defendants from violating the TCPA's regulations prohibiting Defendants from calling/texting numbers registered on the National Do Not Call Registry;

e. Award Ms. Thomas and the class all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and administration; and,

f. Award Ms. Thomas and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Kelly Thomas demands a jury trial in this case.

Respectfully submitted,

Dated: April 4, 2022

By: /s/ *Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
SDTX ID No. 3568914
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*/s/ Christopher E. Roberts*
Christopher E. Roberts
SDTX # 3708019
Butsch Roberts & Associates LLC
231 S. Bemiston Ave., Suite 260

Clayton (St. Louis), MO  63105  
Telephone: (314) 863-5700  
Facsimile: (314) 863-5711  
email: croberts@butschroberts.com